IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THEODORE M. AIKEN,
         Plaintiff,

v.                                            Civil Action No. 3:15-cv-00473-JAG

OLD DOMINION TRUSTEES, INC.,
         Defendant.

## OPINION

On June 15, 2016, the Court granted a motion to dismiss filed by the defendant, Old Dominion Trustees, Inc. ("Old Dominion"), but allowed the plaintiff, Theodore M. Aiken, leave to file an amended complaint to elaborate on his claim that Old Dominion violated the Fair Debt Collection Practices Act ("FDCPA"). On July 6, 2016, Aiken filed a motion to join Buonassissi, Henning & Lash, PC ("Buonassissi"), as a party to the case. Aiken also filed an amended complaint. In response, Old Dominion opposed the motion to join and filed a motion to dismiss. The motion to dismiss included the required notice for pro se plaintiffs, warning Aiken that he must respond within twenty-one days, or the Court could dismiss the action based on the motion. The response deadline passed on August 10, 2016, and, to date, Aiken has not filed a response.

This case revolves around a home foreclosure. Old Dominion, as substitute trustee under a deed of trust, sold Aiken's home on behalf of Bank of New York Mellon ("BNYM"), the beneficial owner of the deed of trust and note on the home. Prior to the foreclosure, New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), serviced the home loan for BNYM. Shellpoint retained Buonassissi to attempt to collect on the loan and to conduct the foreclosure. Buonassissi sent Aiken letters regarding his home loan on December 30, 2014,

February 5, 2015, and May 7, 2015; each letter identified BNYM as the owner of the loan and identified Buonassissi as a debt collector.

Looking first at Aiken's motion to join, Aiken seeks to join Buonassissi pursuant to Rule 19 of the Federal Rules of Civil Procedure. Rule 19 requires joinder of a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). Neither situation exists in this case. Any FDCPA claim that Aiken may have against Buonassissi has no effect on any FDCPA claim that Aiken may have against Old Dominion. Thus, the court can "afford complete relief among" Aiken and Old Dominion in Buonassissi's absence. The Court DENIES Aiken's motion to join.[1]

Turning to Old Dominion's motion to dismiss, a Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve contested facts in the case or the factual basis of a claim or defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The plaintiff's allegations, however, must consist of sufficient factual matter that, accepted as true, "state[s] a claim to relief that is

---

[1] Even if the Court joined Buonassissi, Aiken fails to state a claim against Buonassissi for violation of the FDCPA.

2

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Aiken's amended complaint alleges a violation of the FDCPA.[2] To establish an FDCPA violation, the plaintiff must prove that "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Ruggia v. Wash. Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010). Aiken does not allege any "act or omission" by Old Dominion that the FDCPA prohibits. Indeed, the only "collection activity" alleged in the amended complaint was from Buonassissi. Accordingly, Aiken fails to state a claim against Old Dominion for violation of the FDCPA. Because this Court has already given Aiken a chance to amend his complaint, the Court dismisses the case with prejudice.

The Court will enter the appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record, and to the pro se plaintiff via U.S. Mail.

Date: September 2, 2016
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[2] To the extent Aiken alleges that Old Dominion had no right to sell the home because BNYM was not a holder in due course of the note and deed of trust, the Court dismisses this claim for the reasons stated in the Order dated June 15, 2016. To the extent Aiken alleges that Old Dominion should have proved that BNYM "[was] the Holder of the ink-signed Original Notes with a valid perfected security interest," (Compl. ¶ 59), the Court dismisses this claim as contrary to the law. *See Fedewa v. J.P. Morgan Chase Bank, N.A.*, 921 F. Supp. 2d 504, 508–09 (E.D. Va. 2013).